MICHAEL J. DUVALL (Bar No. 276994)
michael.duvall@dentons.com
POOJA L. SHAH (Bar No. 330550)
pooja.l.shah@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300
Fax: (213) 623-9924

FRIDRIKH V. SHRAYBER (admitted *pro hac vice*)
fred.shrayber@dentons.com
ALEXIS B. THURSTON (admitted *pro hac vice*)
lexie.thurston@dentons.com
DENTONS COHEN & GRIGSBY P.C.
625 Liberty Avenue
Pittsburgh, PA 15222
Tel: (412) 297-4900
Fax: (412) 209-1975

Attorneys for Defendant
GNC Holdings, LLC



**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY MALKO, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>GNC HOLDINGS, LLC,<br><br>Defendant. | Case No. 2:26-cv-01833-MCS-AJR<br><br>**DEFENDANT GNC HOLDINGS, LLC'S FIRST AMENDED ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>Judge: Hon. Mark C. Scarsi<br>Ctrm: 7c |

Defendant GNC Holdings, LLC ("GNC") files this Answer and Affirmative Defenses to Plaintiff Anthony Malko's ("Malko") Class Action Complaint.

## INTRODUCTION[1]

1. The allegations of Paragraph 1 do not require a response on the grounds that they violate Fed. R. Civ. P. 8(a) and are otherwise irrelevant. To the extent that a response is nevertheless required, the allegations are denied.

2. The allegations of Paragraph 2 do not require a response on the grounds that they violate Fed. R. Civ. P. 8(a) and are otherwise irrelevant. To the extent that a response is nevertheless required, the allegations are denied.

3. The allegations of Paragraph 3 do not require a response on the grounds that they violate Fed. R. Civ. P. 8(a) and are otherwise irrelevant. To the extent that a response is nevertheless required, the allegations are denied.

4. The allegations of Paragraph 4 do not require a response on the grounds that they violate Fed. R. Civ. P. 8(a) and are otherwise irrelevant. To the extent that a response is nevertheless required, the allegations are denied.

5. The allegations of Paragraph 5 do not require a response on the grounds that they violate Fed. R. Civ. P. 8(a) and are otherwise irrelevant. To the extent that a response is nevertheless required, the allegations are denied.

6. The allegations of Paragraph 6 do not require a response on the grounds that they violate Fed. R. Civ. P. 8(a) and are otherwise irrelevant. To the extent that a response is nevertheless required, the allegations are denied.

7. The allegations of Paragraph 7 do not require a response on the grounds

---

[1] GNC utilizes Plaintiff's headings and subheadings for organizational purposes, only. GNC's use of Plaintiff's headings does not constitute an admission by GNC of any factual assertions made therein. To the contrary, GNC expressly denies any factual assertions made by Plaintiff unless otherwise stated in this Answer and Affirmative Defenses.

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
(213) 623-9300

that they violate Fed. R. Civ. P. 8(a) and are otherwise irrelevant. To the extent that a response is nevertheless required, the allegations are denied.

8. The allegations of Paragraph 8 constitute argument, to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

9. The allegations of Paragraph 9 are denied.

10. The allegations of Paragraph 10 are admitted in part and denied in part. It is admitted only that the Plaintiff purports to represent a putative class action. The remaining allegations of Paragraph 10 are denied.

11. The allegations of Paragraph 11 are denied.

12. The allegations of Paragraph 12 are denied.

13. The allegations of Paragraph 13 are denied.

14. The allegations of Paragraph 14 are denied.

15. GNC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15 and therefore denies them.

16. GNC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16 and therefore denies them.

17. The allegations of Paragraph 17 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

## PARTIES

18. GNC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18 and therefore denies them.

19. The allegations of Paragraph 19 are admitted in part and denied in part. It is admitted only that GNC is a limited liability company organized under the laws of Delaware, with its primary place of business at 75 Hopper Place, Suite 501, Pittsburgh, Pennsylvania. The remaining allegations of Paragraph 19 are denied.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## JURISDICTION AND VENUE

20. The allegations of Paragraph 20 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

21. The allegations of Paragraph 21 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

22. The allegations of Paragraph 22 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

23. The allegations of Paragraph 23 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

## FACTUAL ALLEGATIONS

### A. GNC AND HARBIN

24. The allegations of Paragraph 24 are admitted.

25. The allegations of Paragraph 25 are admitted.

26. The allegations of Paragraph 26 are admitted.

27. The allegations of Paragraph 27 are admitted in part and denied in part. It is admitted only that Harbin is headquartered in China. The remaining allegations of Paragraph 27 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, GNC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 27 and therefore denies them.

28. GNC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 28 and therefore denies them.

29. GNC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 29 and therefore denies them.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

30. GNC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 30 and therefore denies them.

**B. THE BULK SENSITIVE DATA TRANSFER RULE**

31. The allegations of Paragraph 31 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

32. The allegations of Paragraph 32 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

33. The allegations of Paragraph 33 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

34. The allegations of Paragraph 34 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

35. The allegations of Paragraph 35 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

36. The allegations of Paragraph 36 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

37. The allegations of Paragraph 37 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

38. The allegations of Paragraph 38 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

39. The allegations of Paragraph 39 constitute legal conclusions to which

no response is required. To the extent that a response is nevertheless required, the allegations are denied.

40. The allegations of Paragraph 40 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

41. The allegations of Paragraph 41 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

42. The allegations of Paragraph 42 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

43. The allegations of Paragraph 43 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

44. The allegations of Paragraph 44 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

45. The allegations of Paragraph 45 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

46. The allegations of Paragraph 46 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

47. The allegations of Paragraph 47 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

48. The allegations of Paragraph 48 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
(213) 623-9300

allegations are denied.

49. The allegations of Paragraph 49 are denied.

**C. GNC'S WEBSITE USES TRACKERS WHICH EXPOSE AMERICANS' BEHAVIORAL DATA TO FOREIGN ADVERSARIES.**

50. The allegations of Paragraph 50 are denied. Answering further, GNC uses certain third-party technology to collect and use anonymous record information about Website users and their visits to and interactions with GNC's Website, consistent with its privacy policy. GNC notifies its users of its use of this technology as soon as users access the Website and provides users with the option to adjust their preferences to avoid the collection of their browsing data by GNC or any third-party vendor. GNC also collects all data on a non-individualized basis, meaning that it does not, and cannot possibly, identify any specific individual based on his or her interactions with GNC's website.

51. The allegations of Paragraph 51 are denied. GNC incorporates its response to Paragraph 50.

52. The allegations of Paragraph 52 are denied. GNC incorporates its response to Paragraph 50.

53. The allegations of Paragraph 53 are denied. GNC incorporates its response to Paragraph 50.

54. The allegations of Paragraph 54 are denied.

55. GNC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 55 and therefore denies them.

56. The allegations of Paragraph 56 are denied.

57. The allegations of Paragraph 57 are denied.

58. The allegations of Paragraph 58 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

59. The allegations of Paragraph 59 are denied.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

60. The allegations of Paragraph 60 are denied.

61. The allegations of Paragraph 61 are denied.

62. The allegations of Paragraph 62 are denied.

63. The allegations of Paragraph 63 are denied.

64. The allegations of Paragraph 64 are denied.

65. The allegations of Paragraph 65 are denied.

66. GNC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 66 and therefore denies them.

**D. GNC KNOWINGLY VIOLATES THE BSDR.**

67. The allegations of Paragraph 67 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

68. The allegations of Paragraph 68 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

69. The allegations of Paragraph 69 are denied.

70. The allegations of Paragraph 70 are admitted in part and denied in part. GNC admits only that Paragraph 70 paraphrases a news article cited in a footnote in the Complaint. GNC denies the remaining allegations of Paragraph 70.

71. The allegations of Paragraph 71 are admitted in part and denied in part. GNC admits only that Paragraph 71 paraphrases a news article cited in a footnote in the Complaint. GNC denies the remaining allegations of Paragraph 71.

72. The allegations of Paragraph 72 are denied. Answering further, Paragraph 72 misleadingly quotes language from the portion of GNC's Privacy Policy that is not applicable to U.S.-based users and applies solely to residents of the European Union. The remaining allegations of Paragraph 72 are denied.

73. The allegations of Paragraph 73 are denied. GNC incorporates its response to Paragraph 72 of the Complaint.

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
(213) 623-9300

74. The allegations of Paragraph 74 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

75. The allegations of Paragraph 75 are admitted in part and denied in part. It is admitted only that GNC is aware of the requirements of the BSDR. The remaining allegations of Paragraph 75 are denied.

76. The allegations of Paragraph 76 are admitted in part and denied in part. It is admitted only that GNC complies with all of its legal obligations, including quarterly audits, and that it maintains rigorous standards for data privacy in compliance with all applicable laws. The remaining allegations of Paragraph 76 are denied.

77. The allegations of Paragraph 77 do not require a response on the grounds that they violate Fed. R. Civ. P. 8(a) and are otherwise confusing. To the extent a response is required, the allegations are denied.

78. The allegations of Paragraph 78 do not require a response on the grounds that they violate Fed. R. Civ. P. 8(a) and are otherwise irrelevant. To the extent a response is required, GNC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 78 and therefore denies them.

79. The allegations of Paragraph 79 do not require a response on the grounds that they violate Fed. R. Civ. P. 8(a) and are otherwise irrelevant. To the extent a response is required, GNC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 79 and therefore denies them.

80. The allegations of Paragraph 80 do not require a response on the grounds that they violate Fed. R. Civ. P. 8(a) and are otherwise irrelevant. To the extent a response is required, GNC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 80 and

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

therefore denies them.

81. The allegations of Paragraph 81 are denied.

82. The allegations of Paragraph 82 are denied.

83. The allegations of Paragraph 83 are denied.

84. The allegations of Paragraph 84 are denied.

85. The allegations of Paragraph 85 are denied.

**E. FACTS SPECIFIC TO REPRESENTATIVE PLAINTIFF**

86. GNC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 86 and therefore denies them.

87. GNC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 87 and therefore denies them.

88. GNC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 88 and therefore denies them.

89. GNC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 89 and therefore denies them.

90. GNC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 90 and therefore denies them.

91. GNC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 91 and therefore denies them.

92. GNC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 92 and therefore denies them.

93. The allegations of Paragraph 93 are denied.

94. The allegations of Paragraph 94 are denied.

95. The allegations of Paragraph 95 are denied.

96. The allegations of Paragraph 96 are denied.

97. The allegations of Paragraph 97 constitute a legal conclusion to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

98. The allegations of Paragraph 98 are denied.

**CLASS ALLEGATIONS**

99. The allegations of Paragraph 99 and each of its subparts reflect Plaintiff's proposed definition of the purported "class" in this matter, which are legal conclusions and require no response at this time. To the extent that a response is nevertheless required, these allegations are denied.

100. The allegations of Paragraph 100 and each of its subparts reflect Plaintiff's proposed definition of the purported "class" in this matter, which are legal conclusions and require no response at this time. To the extent that a response is nevertheless required, these allegations are denied.

101. The allegations of Paragraph 101 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied. GNC denies that the plaintiff is entitled to proceed on a class basis.

102. The allegations of Paragraph 102 and each of its subparts constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied. GNC denies that the plaintiff is entitled to proceed on a class basis.

103. The allegations of Paragraph 103 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied. GNC denies that the plaintiff is entitled to proceed on a class basis.

104. The allegations of Paragraph 104 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied. GNC denies that the plaintiff is entitled to proceed on a class basis.

105. The allegations of Paragraph 105 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the

allegations are denied. GNC denies that the plaintiff is entitled to proceed on a class basis.

106. The allegations of Paragraph 106 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied. GNC denies that the plaintiff is entitled to proceed on a class basis.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Violations of the Electronic Communications Privacy Act

### 18 U.S.C. § 2510, *et seq.*

### (On Behalf of Plaintiff & the Nationwide Class)

107. GNC incorporates Paragraphs 1-106 of this Answer and Affirmative Defenses as if fully set forth herein.

108. The allegations of Paragraph 108 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

109. The allegations of Paragraph 109 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

110. The allegations of Paragraph 110 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

111. The allegations of Paragraph 111 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

112. The allegations of Paragraph 112 are denied.

113. The allegations of Paragraph 113 are denied.

114. The allegations of Paragraph 114 are denied.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

115. The allegations of Paragraph 115 are denied.

116. The allegations of Paragraph 116 are denied.

117. The allegations of Paragraph 117 are denied.

118. The allegations of Paragraph 118 are denied.

119. The allegations of Paragraph 119 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

120. The allegations of Paragraph 120 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

121. The allegations of Paragraph 121 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

122. The allegations of Paragraph 122 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

123. The allegations of Paragraph 123 are denied.

124. The allegations of Paragraph 124 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

125. The allegations of Paragraph 125 are denied.

126. The allegations of Paragraph 126 are admitted in part and denied in part. It is admitted only that GNC is a limited liability company existing under the laws of the State of Delaware, and that its principal place of business is located in Pennsylvania. The remaining allegations of Paragraph 126 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

127. The allegations of Paragraph 127 constitute legal conclusions to which

no response is required. To the extent that a response is nevertheless required, the allegations are denied.

128. The allegations of Paragraph 128 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

129. The allegations of Paragraph 129 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

130. The allegations of Paragraph 130 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

131. The allegations of Paragraph 131 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

132. The allegations of Paragraph 132 are denied.

133. The allegations of Paragraph 133 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

134. The allegations of Paragraph 134 are denied.

135. The allegations of Paragraph 135 are denied.

136. The allegations of Paragraph 136 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

137. The allegations of Paragraph 137 are denied.

138. The allegations of Paragraph 138 and each of its subparts constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

139. The allegations of Paragraph 139 constitute legal conclusions to which

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

no response is required. To the extent that a response is nevertheless required, the allegations are denied.

140. The allegations of Paragraph 140 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

141. The allegations of Paragraph 141 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

**SECOND CAUSE OF ACTION**

**California Invasion of Privacy Act**

**Cal. Penal Code § 631, *et seq.***

**(*On Behalf of Plaintiff & the California Subclass*)**

142. GNC incorporates Paragraphs 1-141 of this Answer and Affirmative Defenses as if fully set forth herein.

143. The allegations of Paragraph 143 are admitted in part and denied in part. It is admitted only that Plaintiff purports to bring this action individually and on behalf of a class. The remaining allegations of Paragraph 143 are denied.

144. The allegations of Paragraph 144 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

145. The allegations of Paragraph 145 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

146. The allegations of Paragraph 146 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

147. The allegations of Paragraph 147 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

allegations are denied.

148. The allegations of Paragraph 148 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

149. The allegations of Paragraph 149 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

150. The allegations of Paragraph 150 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

151. The allegations of Paragraph 151 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

152. The allegations of Paragraph 152 are denied.

153. The allegations of Paragraph 153 and each of its subparts constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

154. The allegations of Paragraph 154 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

155. The allegations of Paragraph 155 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

**THIRD CAUSE OF ACTION**

**California Invasion of Privacy Act**

**Cal. Penal Code § 632, *et seq.***

**(*On Behalf of Plaintiff & the California Subclass*)**

156. GNC incorporates Paragraphs 1-155 of this Answer and Affirmative

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Defenses as if fully set forth herein.

157. The allegations of Paragraph 157 are admitted in part and denied in part. It is admitted only that Plaintiff purports to bring this action individually and on behalf of a class. The remaining allegations of Paragraph 157 are denied.

158. The allegations of Paragraph 158 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

159. The allegations of Paragraph 159 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

160. The allegations of Paragraph 160 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

161. The allegations of Paragraph 161 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

162. The allegations of Paragraph 162 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

163. The allegations of Paragraph 163 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

164. The allegations of Paragraph 164 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

165. The allegations of Paragraph 165 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

166. The allegations of Paragraph 166 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

167. The allegations of Paragraph 167 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

168. The allegations of Paragraph 168 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

169. The allegations of Paragraph 169 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

**FOURTH CAUSE OF ACTION**

**Unjust Enrichment**

**(*<u>On Behalf of Plaintiff & the Nationwide Class</u>*)**

170. GNC incorporates Paragraphs 1-169 of this Answer and Affirmative Defenses as if fully set forth herein.

171. The allegations of Paragraph 171 are admitted in part and denied in part. It is admitted only that Plaintiff purports to bring this action individually and on behalf of a class. The remaining allegations of Paragraph 171 are denied. GNC denies that Plaintiff is entitled to proceed on a class basis.

172. The allegations of Paragraph 172 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

173. The allegations of Paragraph 173 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

174. The allegations of Paragraph 174 constitute legal conclusions to which

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

no response is required. To the extent that a response is nevertheless required, the allegations are denied.

175. The allegations of Paragraph 175 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

176. The allegations of Paragraph 176 and each of its subparts constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

177. The allegations of Paragraph 177 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

178. The allegations of Paragraph 178 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

179. The allegations of Paragraph 179 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

180. The allegations of Paragraph 180 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

181. The allegations of Paragraph 181 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

182. The allegations of Paragraph 182 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**FIFTH CAUSE OF ACTION**

**Invasion of Privacy**

**(*__On Behalf of Plaintiff & the California Class__*)**

183. GNC incorporates Paragraphs 1-182 of this Answer and Affirmative Defenses as if fully set forth herein.

184. The allegations of Paragraph 184 are admitted in part and denied in part. It is admitted only that Plaintiff purports to bring this action individually and on behalf of a class. The remaining allegations of Paragraph 184 are denied.

185. The allegations of Paragraph 185 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

186. The allegations of Paragraph 186 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

187. The allegations of Paragraph 187 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

188. The allegations of Paragraph 188 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

189. The allegations of Paragraph 189 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

190. The allegations of Paragraph 190 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

191. The allegations of Paragraph 191 constitute legal conclusions to which

no response is required. To the extent that a response is nevertheless required, the allegations are denied.

192. The allegations of Paragraph 192 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

193. The allegations of Paragraph 193 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

194. The allegations of Paragraph 194 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

195. The allegations of Paragraph 195 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

196. The allegations of Paragraph 196 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

197. The allegations of Paragraph 197 are denied.

198. The allegations of Paragraph 198 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

199. The allegations of Paragraph 199 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

200. The allegations of Paragraph 200 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

201. The allegations of Paragraph 201 constitute legal conclusions to which

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

no response is required. To the extent that a response is nevertheless required, the allegations are denied.

202. The allegations of Paragraph 202 are denied.

203. The allegations of Paragraph 203 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

204. The allegations of Paragraph 204 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

205. The allegations of Paragraph 205 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

**SIXTH CAUSE OF ACTION**

**Intrusion Upon Seclusion Under California Common Law**

**(*On behalf of Plaintiff & the California Subclass*)**

206. GNC incorporates Paragraphs 1-205 of this Answer and Affirmative Defenses as if fully set forth herein.

207. The allegations of Paragraph 207 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

208. The allegations of Paragraph 208 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

209. The allegations of Paragraph 209 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

210. The allegations of Paragraph 210 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

allegations are denied.

211. The allegations of Paragraph 211 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

212. The allegations of Paragraph 212 are denied.

213. The allegations of Paragraph 213 are denied.

214. The allegations of Paragraph 214 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

215. The allegations of Paragraph 215 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

216. The allegations of Paragraph 216 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

217. The allegations of Paragraph 217 are denied.

218. The allegations of Paragraph 218 are denied.

219. The allegations of Paragraph 219 are denied.

220. The allegations of Paragraph 220 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

221. The allegations of Paragraph 221 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

222. The allegations of Paragraph 222 are denied.

223. The allegations of Paragraph 223 are denied.

224. The allegations of Paragraph 224 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

allegations are denied.

225. The allegations of Paragraph 225 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

226. The allegations of Paragraph 226 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

**SEVENTH CAUSE OF ACTION**

**Violation of the Comprehensive Computer Data Access and Fraud Act**

**Cal. Penal Code § 502, *et seq.***

***(On behalf of the Plaintiff & the California Subclass)***

227. GNC incorporates Paragraphs 1-226 of this Answer and Affirmative Defenses as if fully set forth herein.

228. The allegations of Paragraph 228 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

229. The allegations of Paragraph 229 are denied.

230. The allegations of Paragraph 230 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied. GNC denies that it engaged in the conduct described in Paragraph 230.

231. The allegations of Paragraph 231 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

232. The allegations of Paragraph 232 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

233. The allegations of Paragraph 233 constitute legal conclusions to which

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

no response is required. To the extent that a response is nevertheless required, the allegations are denied. GNC denies that Plaintiff or the putative class members have suffered any harm or are otherwise entitled to damages.

234. The allegations of Paragraph 234 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

235. The allegations of Paragraph 235 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

**EIGHTH CAUSE OF ACTION**

**California's Unfair Competition Law**

**Cal. Bus. & Prof. Code § 17200, *et seq*.**

***(On behalf of Plaintiff & the California Purchaser Subclass*)**

236. GNC incorporates Paragraphs 1-235 of this Answer and Affirmative Defenses as if fully set forth herein.

237. The allegations of Paragraph 237 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

238. The allegations of Paragraph 238 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

239. The allegations of Paragraph 239 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

240. The allegations of Paragraph 240 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

241. The allegations of Paragraph 241 constitute legal conclusions to which

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

no response is required. To the extent that a response is nevertheless required, the allegations are denied.

242. The allegations of Paragraph 242 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

243. The allegations of Paragraph 243 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

244. The allegations of Paragraph 244 constitute legal conclusions to which no response is required. To the extent that a response is nevertheless required, the allegations are denied.

**AFFIRMATIVE DEFENSES**

245. GNC incorporates paragraphs 1-244 of its Answer as though fully set forth herein.

246. GNC is a retailer of health and nutritional products, including vitamins, supplements, minerals, herbs and sports nutrition.

247. In 2018, GNC (through its predecessor-in-interest) engaged in discussions with Harbin Pharmaceutical Group Holding Co., Ltd., a limited liability company organized under the laws of the People's Republic of China ("Harbin"), regarding a potential transaction under which Harbin would purchase an approximately 40% ownership interest in the outstanding shares of GNC (the "Transaction").

248. In advance of the Transaction, GNC and Harbin submitted a Joint Voluntary Notice to the Committee on Foreign Investments in the United States ("CFIUS"), pursuant to Section 721 of Title VII of the Defense Production Act of 1950, as amended ("Section 721") and 31 C.F.R. Part 80.

249. Pursuant to Section 721, CFIUS determined that GNC and Harbin must enter into a Letter of Assurance ("LOA") in order to mitigate the potential national

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

security risk identified by CFIUS arising as a result of the Transaction, and to allow CFIUS to conclude action under Section 721 with respect to the Transaction.

250. GNC and Harbin entered into the LOA on September 7, 2018.

251. By its plain terms, the LOA constitutes an agreement pursuant to Section 721 to mitigate national security risk.

252. In accordance with the terms of the LOA, GNC does not share any personal or sensitive information about its website users or anyone else with Harbin.

253. The existence of the LOA exempts GNC's data collection practices from scrutiny under the BSDR pursuant to the "exempt transactions exception" set forth therein. 28 C.F.R. § 202.508(b)(9).

254. Plaintiff's allegations related to the BSDR fail pursuant to the exempt transactions exception.

255. Plaintiff's allegations related to the BSDR are barred because the BSDR does not create a private right of action.

256. Plaintiff has no standing to assert any claims against GNC on the basis of purported violations of the BSDR.

257. GNC uses its website to sell and advertise products.

258. To support its advertising efforts, GNC uses certain third-party technology to collect and use anonymous record information about Website users and their visits to and interactions with GNC's Website, consistent with its privacy policy.

259. GNC notifies its users of its use of this technology as soon as users access the Website by way of a pop-up banner that notifies users that the website employs cookies and other technologies on the Website.

260. GNC provides users with the option to adjust their preferences to avoid the collection of their browsing data by GNC or any third-party vendor.

261. GNC also collects all data on a non-individualized basis, meaning that it does not, and cannot, identify any specific individual based on his or her

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

interactions with GNC's website.

262. Each of Plaintiff's causes of action, and those asserted on behalf of the putative classes, fails to state a claim upon which relief can be granted.

263. Plaintiff's claims under the Electronic Communications Privacy Act ("ECPA") and the California Invasion of Privacy Act ("CIPA"), and those asserted on behalf of the putative classes, are barred because the data allegedly collected by the tracking technologies does not constitute the "contents" of any electronic communication as required by those statutes.

264. Plaintiff's ECPA and CIPA claims, and those asserted on behalf of the putative classes, are barred because GNC, as the operator of the Website, is a party to the communication at issue.

265. Any use by GNC of any alleged "tracking technologies" on its own website was conducted in the ordinary course of business and was not undertaken for the purpose of committing any criminal or tortious act.

266. Plaintiff's claims, and those asserted on behalf of the putative classes, fail because Plaintiff's interactions with a publicly accessible commercial website do not carry an objectively reasonable expectation that the communications would be confined to the parties thereto. Plaintiff has no expectation of privacy with respect to those communications.

267. Plaintiff's claims, and those asserted on behalf of the putative classes, are barred because Plaintiff has not alleged a concrete, particularized and actual or imminent injury-in-fact as required to confer standing under Article III.

268. Plaintiff's state law claims, and those asserted on behalf of the putative classes, are preempted in whole or in part by the ECPA and other applicable federal law.

269. Plaintiff's claims, and those asserted on behalf of the putative classes, are barred in whole or in part by the applicable statute of limitations.

270. Plaintiff's claims, and those asserted on behalf of the putative classes,

are barred, in whole or in part, by the doctrines of waiver and estoppel.

271. Plaintiff voluntarily visited GNC's Website, searched for and purchased products.

272. Plaintiff reviewed GNC's Privacy Policy.

273. Plaintiff understood the terms of GNC's Privacy Policy.

274. Plaintiff continued to use the Website with knowledge of GNC's Privacy Policy.

275. Plaintiff consented to GNC's Privacy Policy.

276. Upon information and belief, Plaintiff visited GNC's website for the purpose of manufacturing a factual predicate for the claims that form the basis of this suit.

277. Plaintiff has waived any right to challenge the data practices disclosed in the Privacy Policy and is estopped from asserting claims premised on a lack of notice or consent.

278. Plaintiff's claims for damages, and those asserted on behalf of the putative classes, are barred or reduced because Plaintiff failed to take reasonable steps to mitigate any alleged harm.

279. Plaintiff's unjust enrichment claim, and those asserted on behalf of the putative classes, are barred because Plaintiff and the putative class members have adequate remedies at law.

280. GNC's data practices comply with all applicable federal and state laws, including but not limited to the BSDR, ECPA and CIPA.

281. Plaintiff's class allegations fail to satisfy the requirements of Federal Rule of Civil Procedure 23.

282. The claims set forth in the Complaint are barred by Plaintiff's failure to mitigate or otherwise avoid his claimed harm.

283. The claims set forth in the Complaint are barred by Plaintiff's negligent and/or fraudulent actions.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

284. The claims set forth in the Complaint are barred by the doctrine of unclean hands.

285. The claims set forth in the Complaint are barred by the doctrine of unjust enrichment.

286. The claims set forth in the Complaint are barred by the doctrines of consent, estoppel, waiver and laches.

287. The claims set forth in the Complaint are barred by Plaintiff's failure to join a necessary and indispensable party.

288. The statutory damages provisions of the statutes relied upon by Plaintiff violate the Due Process Clause of the United States Constitution, which prohibit the imposition of grossly excessive or arbitrary punishment, and if liability were to be found, the statutory damages award would provide a windfall to members of the proposed class and to Plaintiff engaged in conduct intended to create the false appearance of statutory violations by GNC for the unlawful purpose of extracting an unwarranted settlement payment from or damage award against GNC.

289. The claim set forth in the Complaint is barred because any hypothetical injury (there is none) suffered by Plaintiff is, at most, *de minimis*.

290. GNC reserves the right to assert any additional affirmative defenses that may become available or apparent during the course of discovery and further investigation of this matter.

WHEREFORE, GNC denies that it is liable to Plaintiff or anyone else in any manner or sum whatsoever, and respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and award such other relief to Defendant as is just and proper.

Dated: May 22, 2026

DENTONS US LLP

By: */s/ Pooja L. Shah*
Pooja L. Shah

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300