MICHAEL J. DUVALL (Bar No. 276994)
michael.duvall@dentons.com
POOJA L. SHAH (Bar No. 330550)
pooja.l.shah@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300
Fax: (213) 623-9924

FRIDRIKH V. SHRAYBER (admitted *pro hac vice*)
fred.shrayber@dentons.com
ALEXIS B. THURSTON (admitted *pro hac vice*)
lexie.thurston@dentons.com
DENTONS COHEN & GRIGSBY
625 Liberty Avenue
Pittsburgh, PA 15222
Tel: (412) 297-4900

Attorneys for Defendant
GNC Holdings, LLC

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ANTHONY MALKO, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

GNC HOLDINGS, LLC,

Defendant.

Case No. 2:26-cv-01833-MCS-AJR

**DEFENDANT GNC HOLDINGS, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF ANTHONY MALKO'S EX PARTE PETITION FOR LEAVE TO FILE A SURREPLY AND REQUEST TO STRIKE NEW REPLY EVIDENCE**

Judge: Hon. Mark C. Scarsi
Ctrm: 7c

Defendant GNC Holdings, LLC ("GNC") files this Response in Opposition to Plaintiff Anthony Malko's ("Malko" or "Plaintiff") Ex Parte Petition for Leave to File a Surreply and Request to Strike New Reply Evidence (the "Petition").

## I. INTRODUCTION

Contrary to Malko's Petition, GNC did not present any new arguments or new evidence in its Reply. First, the Reply responds to arguments that Malko raised in his Response in Opposition to GNC's opening Motion. GNC's Reply discusses case law that was not yet published at the time that GNC filed its opening Motion, but that was available to Plaintiff when he filed his Response in Opposition, even though he curiously elected to omit it. Second, GNC's inclusion of the Privacy Policy as an Exhibit to its Reply does not constitute "new reply evidence." Malko expressly incorporated the Privacy Policy into his Complaint in this action (although he elected not to attach it to the Complaint), and both he and GNC quoted and discussed it extensively in their briefing. GNC inadvertently omitted a copy of the Privacy Policy with its Motion but submitted a copy with its Reply so that the Court has a copy of the document that forms the basis of Malko's Complaint and was extensively discussed by both sides. Accordingly, Malko's Petition should be denied.

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
(213) 623-9300

## II. LEGAL ARGUMENT

### A. Malko Should Not Be Granted Leave to File A Surreply.

The Court should deny Malko's Petition because there is no valid reason to allow additional briefing here. "Whether to grant or deny leave to file a surreply is within the district court's sound discretion"; however, "a court should exercise this discretion in favor of allowing a surreply only where a valid reason for such briefing exists, such as where the movant raises new arguments in its reply brief." *Afifeh v. Ahmadabadi*, No. 2:22-CV-00928-SB-AFM, 2022 WL 3016147, at *1 (C.D. Cal. July 5, 2022) (cleaned up). "A surreply is improper – and the court should not grant leave to file one – when a reply neither presents new arguments nor new evidence."

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
(213) 623-9300

*Id.* (citation omitted). Contrary to Malko's assertion in the Petition, GNC did not raise the issue of whether Malko properly alleged the intercept of "health-related content" for the first time on Reply. Rather, Malko raised the argument that he had sufficiently pleaded the collection of "health, wellness and nutrition information" sufficient to confer standing and support his substantive claims in his Response in Opposition to GNC's Motion. (See Pl.'s Opp., ECF 42 at 5, 17-20.) GNC simply responded to this argument with contrary case law on Reply. This approach squarely aligns with the overall purpose of allowing reply briefing in the first instance. *See, e.g., Sanchez v. Cnty. of San Bernardino*, No. CV 10–09384 MMM, 2014 WL 12734756, at *4 (C.D. Cal. Mar. 10, 2014) ("The court can properly consider evidence and argument offered in reply that is responsive to points raised in the non-moving party's opposition." (citing cases)); *Coronis Health RCM LLC v. NextGen Labs., Inc.*, No. 8:23-cv-00111-FWS-DFM, 2023 WL 6783328, at *1 (C.D. Cal. June 27, 2023) (*citing Sanchez*); *Piril v. Ferguson Enters. LLC*, No. CV-21-3800 PSG, 2021 WL 3630372, at *6 (C.D. Cal. Aug. 17, 2021) (denying leave to file surreply where plaintiff's purportedly "new" legal argument was "merely a response to [non-movant's] own argument in their Opposition.").[1]

In a similar vein, Malko argues that he should be allowed a surreply because GNC's Motion "did not cite *Schallert*, Plaintiff's Opposition had no occasion to address GNC's application of *Schallert* to this case, and GNC unilaterally raised new arguments based on [*Schallert*] in its [R]eply." (ECF 45 at 4.) This argument hides the ball. GNC filed its Motion for Judgment on the Pleadings on May 26,

[1] Even if GNC had raised "new" arguments (which it did not), leave to file a surreply is unnecessary, and Malko's petition should be denied. *In re Pandora Media, LLC Copyright Litig.*, No. 2:22-cv-00809-MCS-MAR, 2024 WL 661190, at *1 (C.D. Cal. Feb. 5, 2024) (Scarsi, J.) (denying motion for leave to file a surreply on the grounds that movant had raised new arguments on reply, holding that "[t]his Court rarely, if ever, considers arguments raised for the first time in reply… Accordingly the Court… denies Plaintiffs' motion for leave to file a surreply as unnecessary.").

2026. (ECF 31.) *Schallert* was not handed down until 10 days later, on June 5, 2026. (*Id.*, at n.1.) Malko then filed his Response in Opposition to GNC's Motion on July 6, 2026 – i.e., 31 days after the *Schallert* decision was handed down. In other words, it would have been impossible for GNC to address Schallert in its opening Motion because that opinion did not yet exist when the Motion was filed. Malko, on the other hand, could have, and should have, addressed *Schallert* in his Response, especially considering that he raised arguments regarding the sufficiency of his allegations related to the collection of "health data" to support his claims in this action. He elected not to do so. Against this backdrop, the Court should deny Malko's ex parte motion for leave to file a surreply because Malko had the opportunity to address *Schallert* when he filed his Response over two weeks ago but instead decided to disregard it. *See Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, No. CV 03-5965 PSG, 2009 WL 10700315, at *3, n. 3 (C.D. Cal. Sept. 18, 2009) ("The ex parte scheme is not in place to afford parties the opportunity to further brief issues that should have properly been brought at an earlier time.").

**B. GNC's "Exhibit A" Should Not Be Stricken.**

Malko's argument that the Court should strike "Exhibit A" to GNC's Reply – a copy of GNC's Privacy Policy – is disingenuous. Malko attempts to frame GNC's attachment of the Privacy Policy as the submission of "new evidence" that was not already part of the record when GNC filed its Motion for Judgment on the Pleadings. (Opp. at 7-8.) That representation is untrue. As GNC explained in both its opening Motion and its Reply, GNC's arguments related to the Privacy Policy are appropriate for consideration on a Motion for Judgment on the Pleadings because Malko incorporated that document by reference into his Complaint. (Mot. for Judg. on the Pleadings, ECF 31 at 20, n.2; Reply, ECF 44 at 8, n.3.) In his Complaint, Malko provided the Court with a link to GNC's Privacy Policy as it is posted on GNC's Website and then premised certain allegations in the Complaint on language included in that document. (Compl. ¶¶ 72-73; 72, n.10.) Malko also extensively

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
(213) 623-9300

discussed the language and structure of the Privacy Policy in his Opposition. (Opp. at 2-3, 10-13.) GNC's inclusion of the Privacy Policy, therefore, does not qualify as the presentation of "new evidence" – it simply provides the Court with a copy of the document that Malko incorporated by reference into the Complaint and extensively relies upon in support of his own arguments. Malko's request for the Court to strike and/or disregard the Privacy Policy is therefore inappropriate and should be denied. *See, e.g., Laub v. Horbacewski*, No. CV 17-6210-JAK, 2020 WL 5092452, at *1 (C.D. Cal. June 24, 2020) ("Evidence is not 'new,' however, if it is submitted in direct response to proof adduced in opposition to a motion." (quoting *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1206, n.31 (C.D. Cal. 2007))); *Terrell v. Contra Costa Cnty.*, 232 Fed. App'x 626, 629, n. 2 (9th Cir. 2007) (finding no error by the district court in considering evidence on reply where the information supplied was not "new," rather, it addressed the same set of facts supplied in non-movant's opposition but provided full context to the argument); *Pampena v. Musk*, 705 F. Supp. 3d 1018, 1037 (N.D. Cal. 2023) ("A document is incorporated by reference when the complaint refers extensively to the document or the document forms the basis of the plaintiff's claims… the doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims.") (cleaned up).

## III. CONCLUSION

For all of the foregoing reasons, Plaintiff Anthony Malko's Ex Parte Petition for Leave to File a Surreply and Request to Strike New Reply Evidence should be denied in its entirety.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Dated: July 23, 2026

Respectfully submitted,

DENTONS COHEN & GRIGSBY P.C.

By: /s/ *Fridrikh V. Shrayber*

Fridrikh V. Shrayber (*admitted pro hac vice*)
Alexis B. Thurston (*admitted pro hac vice*)

625 Liberty Avenue, 5th Floor
Pittsburgh, PA 15222 3152
Ph: 412 297 4900
Fax: 412 209 1975
Email: fred.shrayber@dentons.com
lexie.thurston@dentons.com

DENTONS U.S. LLP

Michael J. Duvall (Bar No. 276994)
Pooja L. Shah (Bar No. 330550)

601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300
Fax: (213) 623-9924
Email: michael.duvall@dentons.com
pooja.l.shah@dentons.com

*Attorneys for Defendant GNC Holdings, LLC*

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
(213) 623-9300

**WORD COUNT CERTIFICATION**

The undersigned, counsel of record for Defendant GNC Holdings, LLC, certifies that this brief contains 1,375 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

**DENTONS COHEN & GRIGSBY P.C.**

By: */s/ Fridrikh V. Shrayber*
Fridrikh V. Shrayber (*pro hac vice*)

*Attorneys for Defendant GNC HOLDINGS, LLC*